UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN L. FRECHETTE,<br><br>          Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE of AMERIQUEST MORTGAGE SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE<br><br>          Defendants. | CIVIL ACTION NO. 05-11398-RWZ |

## AMERIQUEST MORTGAGE COMPANY'S ANSWER TO COMPLAINT

Defendant Ameriquest Mortgage Company, Inc. ("Ameriquest") hereby answers the Complaint of plaintiff Brian L. Frechette as follows:

### I. Introductory Statement

1. As to the first sentence of paragraph 1 of the Complaint, Ameriquest admits that Plaintiff is the obligor and mortgagor under a certain note and mortgage on property located at 74 Washington Street, Sherborn, Massachusetts, respectively dated on or about October 1, 2003. As to the remaining allegations set forth in the first sentence of paragraph 1 and in the second sentence of paragraph 1 of the Complaint, the allegations therein consist of legal conclusions to which no responsive pleading is required. To the extent a further response is required, Ameriquest denies the allegations. As to the third sentence of paragraph 1 of the Complaint, Ameriquest denies that it has in any way acted wrongfully. As to the remaining allegations set

forth in the third sentence of paragraph 1 of the Complaint, the allegations therein consist of legal conclusions to which no responsive pleading is required.  To the extent a further response is required, Ameriquest denies the allegations.  As to the fourth sentence of paragraph 1 of the Complaint, Ameriquest denies the allegations.  As to the fifth sentence of paragraph 1 of the Complaint, the allegations therein consist of legal conclusions to which no responsive pleading is required.  To the extent a further response is required, Ameriquest notes that on July 5, 2005, plaintiff filed a Stipulation and Consent Order with the Middlesex Superior Court, by which the parties stipulated to the cancellation of the foreclosure proceedings pending resolution of the allegations set forth in the Complaint.

## II.  Parties

2.On information and belief, Ameriquest admits the allegations set forth in paragraph 2 of the Complaint.

3.Ameriquest admits the allegations set forth in the first sentence of paragraph 3 of the Complaint.  As to the second sentence of paragraph 3 of the Complaint, Ameriquest admits that it has transacted business in Massachusetts, and denies the remaining allegations.

4.As to the second sentence of paragraph 4 of the Complaint, Ameriquest admits that Deutsche Bank National Trust Company is trustee of Ameriquest Mortgage Securities, Inc. asset backed pass-through certificates, Series 2003-11 under the Pooling and Servicing Agreement dated as of November 1, 2003, without recourse ("Deutsche Bank, as trustee") and that it is the present holder of the subject note secured by the subject mortgage.  Ameriquest denies the allegations set forth in the third sentence of paragraph 4 of the Complaint.  Ameriquest is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 4 of the Complaint.

### III.  Jurisdiction and Venue

5.     The allegations set forth in paragraph 5 of the Complaint consist of legal conclusions to which no responsive pleading is required.  To the extent a further response is required, Ameriquest notes that on July 1, 2005, Ameriquest removed this action from the Middlesex Superior Court for the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.  Ameriquest admits that the Court has subject matter jurisdiction over this matter.

6.     The allegations set forth in paragraph 6 of the Complaint consist of legal conclusions to which no responsive pleading is required.  To the extent a further response is required, Ameriquest notes that on July 1, 2005, Ameriquest removed this action from the Middlesex Superior Court for the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.  Ameriquest admits that venue is proper in this district.

### IV.  Facts

7.     Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.     Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.  To the extent a further response is required, Ameriquest denies the allegations.

9.     Ameriquest admits that it funded plaintiff's loan and is without knowledge or information regarding the remaining allegations set forth in paragraph 9 of the Complaint.

10.    Ameriquest admits that loan documents were executed on or about October 1, 2003.  To the extent that plaintiff alleges that "Ameriquest's closing attorney" participated in the closing in question, Ameriquest denies that such attorney was an Ameriquest employee.

Ameriquest is without knowledge or information regarding the remaining allegations set forth in paragraph 10 of the Complaint.

11.     Ameriquest admits that on or about October 1, 2003, plaintiff executed an adjustable rate note in the amount of $543,750.00 and that the terms of the adjustable rate note speak for themselves.  Ameriquest admits that a true copy of the adjustable rate note is attached as Exhibit 1 to plaintiff's Complaint.

12.     Ameriquest admits the allegations set forth in paragraph 12 of the Complaint.

13.     Ameriquest admits that on or about October 1, 2003, plaintiff signed a HUD-1 Settlement Statement, which HUD-1 Settlement Statement speaks for itself as to its terms.  Ameriquest admits that a true copy of the HUD-1 Settlement Statement is attached as Exhibit 3 to plaintiff's Complaint.

14.     Ameriquest admits the allegations set forth in paragraph 14 of the Complaint and admits that a true copy of the Truth-In-Lending Disclosure Statement is attached as Exhibit 4 to plaintiff's Complaint.

15.     Ameriquest admits that plaintiff paid and agreed to certain fees and costs in connection with his loan transaction and that the description of those fees and costs are set forth on the HUD-1 Settlement Statement provided to plaintiff at closing.  The HUD-1 Settlement Statement speaks for itself.

16.     As to the first sentence of paragraph 16 of the Complaint, Ameriquest denies the allegations.  As to the second sentence of paragraph 16 of the Complaint, Ameriquest denies that the listed items constitute finance charges within the meaning of Mass. Gen. L. ch. 140D, § 4, *et seq.* and 209 C.M.R. § 32:04, and it further states as to each of the subparagraphs that follow:

        a.     Ameriquest denies the allegations set forth in paragraph 16(a).

        b.     Ameriquest denies the allegations set forth in paragraph 16(b).

      c.    Ameriquest denies the allegations set forth in paragraph 16(c).

      d.    Ameriquest denies the allegations set forth in paragraph 16(d).

17.    Ameriquest denies the allegations set forth in paragraph 17 of the Complaint.

18.    Ameriquest admits that it assigned the note and mortgage to Deutsche Bank, as trustee, and is without knowledge or information regarding the remaining allegations set forth in paragraph 18 of the Complaint.

19.    Ameriquest admits on information and belief that on or about January 18, 2005, counsel for Deutsche Bank, as trustee, sent a letter to plaintiff concerning plaintiff's delinquent mortgage account and that such letter speaks for itself as to its contents.

20.    Ameriquest admits on information and believes that Deutsche Bank, as trustee, initiated foreclosure proceedings on or about January 28, 2005 and is without knowledge or information regarding the remaining allegations set forth in paragraph 20 of the Complaint.

21.    Ameriquest admits on information and belief that on or about February 14, 2005, counsel for Deutsche Bank, as trustee, sent correspondence to plaintiff concerning a foreclosure action commenced in connection with plaintiff's mortgage loan, and that the correspondence and any attachments thereto speak for themselves as to their contents and is without knowledge or information regarding the remaining allegations set forth in paragraph 21 of the Complaint.

22.    Ameriquest admits that Deutsche Bank, as trustee, received correspondence from plaintiff's attorney in the form attached as Exhibit 5 to plaintiff's Complaint, which correspondence speaks for itself as to its content.  Ameriquest denies the remaining allegations set forth in paragraph 22 of the Complaint.

23.    The allegations set forth in paragraph 23 of the Complaint consist of legal conclusions to which no responsive pleading is required.  To the extent a further response is required, Ameriquest denies the allegations set forth therein.

24. Ameriquest admits that it responded to plaintiff's counsel's correspondence attached as Exhibit 5 to the Complaint and that Ameriquest's response, in the form attached as Exhibit 6 to plaintiff's Complaint, speaks for itself. Ameriquest denies the remaining allegations set forth in paragraph 24 of the Complaint.

25. Ameriquest denies the allegations set forth in paragraph 25 of the Complaint.

26. Ameriquest admits the allegations set forth in paragraph 26 of the Complaint.

<b><u>Count I</u></b><br><b><u>Action for Declaratory Judgment under M.G. L. c. 231A</u></b>

27. Ameriquest adopts and re-alleges all paragraphs above as if fully restated herein.

28. Ameriquest denies the allegations set forth in paragraph 28 of the Complaint.

29. Ameriquest denies the allegations set forth in paragraph 29 of the Complaint.

30. Ameriquest states that it has responded to Frechette's letter requesting rescission and that it has advised Frechette that he has not effected a valid rescission of his mortgage loan. Ameriquest denies the remaining allegations set forth in paragraph 30 of the Complaint.

31. Ameriquest denies the allegations set forth in paragraph 31 of the Complaint.

32. Ameriquest admits the allegations set forth in paragraph 32 of the Complaint.

<b><u>Count II</u></b><br><b><u>Action for Violations of CCCDA, M.G.L. c. 140D</u></b>

33. Ameriquest adopts and re-alleges all paragraphs above as if fully restated herein.

34. Ameriquest denies the allegations set forth in paragraph 34 of the Complaint.

35. Ameriquest denies the allegations set forth in paragraph 35 of the Complaint.

36. Ameriquest denies the allegations set forth in paragraph 36 of the Complaint.

<b><u>Count III</u></b><br><b><u>Action for Violations of M.G.L. c. 93A</u></b>

37. Ameriquest adopts and re-alleges all paragraphs above as if fully restated herein.

38. The allegations set forth in paragraph 38 of the Complaint consist of legal conclusions to which no responsive pleading is required. To the extent a further response is required, Ameriquest denies the allegations set forth therein.

39. The allegations set forth in paragraph 39 of the Complaint consist of legal conclusions to which no responsive pleading is required. To the extent a further response is required, Ameriquest admits that Ameriquest has transacted business within the Commonwealth of Massachusetts. To the extent the allegations set forth in paragraph 39 concern Deutsche Bank, as trustee, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

40. Ameriquest denies the allegations set forth in paragraph 40 of the Complaint.

41. Ameriquest denies the allegations set forth in paragraph 41 of the Complaint.

## Prayers for Relief

Ameriquest denies that plaintiff is entitled to the relief he has demanded.

## DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Ameriquest.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrines of release, waiver, estoppel, acquiescence, and ratification.

### Third Affirmative Defense

Any claims by plaintiff under the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. ch. 140D, § 1, *et seq.*, are barred to the extent that the alleged violations were not

intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures to avoid such error.

### Fourth Affirmative Defense

Any claims by plaintiff under the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. ch. 140D, § 1, *et seq.*, are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

### Fifth Affirmative Defense

The Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. ch. 140D, § 1, *et seq.*, and the regulations promulgated thereunder, are unconstitutionally vague and indefinite as applied to the conduct alleged in the Complaint.

### Sixth Affirmative Defense

Plaintiff's claims are barred by application of the doctrine of failure to mitigate damages.

### Seventh Affirmative Defense

In connection with plaintiff's mortgage loan transaction, Ameriquest did not use deception, fraud, false pretense, false promise, misrepresentation, or unfair practices, and did not otherwise conceal or fail to inform plaintiffs of any material facts in violation of Mass. Gen. L. ch. 93A.

### Eighth Affirmative Defense

In connection with plaintiff's mortgage loan transaction, Ameriquest never employed conduct that was intentional, willful, wanton, or malicious, and never otherwise showed a complete indifference to or a conscious disregard of plaintiff's rights such that he would be entitled to punitive damages or attorney's fees.

**Ninth Affirmative Defense**

Any damages were the result of acts or omissions on the part of the plaintiff or a third party for whose conduct Ameriquest is not responsible.

**Tenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands, laches and equitable subrogation.

**Eleventh Affirmative Defense**

Ameriquest gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer and assert such defenses.

WHEREFORE, defendant Ameriquest respectfully requests that the Court:

i.   Enter a judgment in its favor on all counts of the Complaint;

ii.  Dismiss the Complaint with prejudice;

iii. Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action; and

iv.  Grant such other relief as the Court deems as just and proper.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the defendant/counterclaimant, Ameriquest Mortgage Company, Inc. ("Ameriquest") hereby brings this Counterclaim against plaintiff/defendant-in-counterclaim, Brian L. Frechette ("Frechette" or "plaintiff"), and states:

1.   Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Massachusetts.

2.   Upon information and belief, Frechette resides in Sherborn, Massachusetts.

9

3. On or about October 1, 2003, Frechette obtained a residential mortgage loan from Ameriquest in connection with property located at 74 Washington Street, Sherborn, Middlesex County, Massachusetts.

4. On or about April 21, 2005, Frechette sent Deutsche Bank National Trust Company is trustee of Ameriquest Mortgage Securities, Inc. asset backed pass-through certificates, Series 2003-11 under the Pooling and Servicing Agreement dated as of November 1, 2003, without recourse ("Deutsche Bank, as trustee"), a letter purporting to rescind his mortgage loan transaction pursuant to Mass. Gen. L. ch. 140D.  See letter from Frechette's counsel dated April 21, 2005 attached hereto as Exhibit A.

5. On or about June 3, 2005, Frechette filed suit against Ameriquest and Deutsche Bank, as trustee, alleging that they had failed to adequately disclose certain fees in connection with the subject loan.

6. Ameriquest has provided Frechette with all required disclosures with respect to the subject loan, and Frechette is not entitled to rescind his loan under Mass. Gen. L. ch. 140D.

**COUNT I - DECLARATORY JUDGMENT PURSUANT
TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

7. Ameriquest repeats and realleges the allegations set forth in paragraphs 1 through 8 above.

8. By virtue of Frechette's letter of April 21, 2005, an actual controversy has arisen and exists between Ameriquest and Frechette regarding whether he has a right to rescind the subject loan under Mass. Gen. L. ch. 140D.

9. Frechette alleges that Ameriquest and Deutsche Bank, as trustee, violated Mass. Gen. L. ch. 140D, by failing to adequately disclose certain fees charged in connection with Frechette's loan, which allegations Ameriquest denies.

10. Ameriquest has provided Frechette with all required disclosures with respect to the subject loan, and Frechette has no basis for rescission of the loan.

11. Ameriquest hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to Frechette's letter of rescission of his loan, including, without limitation, a declaration that Frechette is not entitled to rescind the subject loan.

## **RELIEF REQUESTED**

WHEREFORE, defendant/counterclaimant Ameriquest respectfully requests that the Court:

A. Enter a declaration that Frechette is not entitled to rescind his mortgage loan with Ameriquest and Deutsche Bank, as trustee, and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

AMERIQUEST MORTGAGE COMPANY, INC.

By its attorneys,

/s/ Phoebe S. Winder
R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Phoebe S. Winder (BBO #567103)
(pwinder@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
(617) 261-3100

DATED: August 2, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that on August 2, 2005, I served a true copy of the foregoing document by electronic filing and first-class mail, postage prepaid, upon the following:

John T. Landry, III
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA 02184-2605

Michael J. Powers
Powers Law Offices, P.C.
91 Gloucester Road
Westwood, MA 02090

                                                          /s/ Ryan M. Tosi
                                                          Ryan M. Tosi

# EXHIBIT A

# POWERS LAW OFFICES, P.C.

91 Gloucester Road, Westwood, Massachusetts 02090
781-326-7766 (Tel)     781-326-7788 (Fax)     617-471-2000 (Cell)

MICHAEL J. POWERS, ESQUIRE
bicoastal@comcast.net

April 21, 2005

**Original By Certified Mail**
(No. 7004 2890 0001 4725 5572)
**Return Receipt Requested**
**Copy by Facsimile Transmission**
**(978-256-7615), & USPS Next Day**

Victor Manougian, Esquire
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824

RE:  Borrower:   **Brian L. Frechette**
     Lender:     **Ameriquest Mortgage Company**
     Assignee:   **Deutsche Bank National Trust Company, as Trustee**
     Loan:       **$543,750 Refinance Mortgage Loan dated October 1, 2003**
     Property:   **74 Washington Street, Sherborn, MA 01770**
     Mortgage:   **Middlesex South Registry of Deeds, Book 41251, Page 76**
     Case No.:   **305627 (Land Court)**

Dear Attorney Manougian:

As you are aware, I, along with Attorney John T. Landry, III, of Glynn, Landry, Harrington & Rice, LLP, represent Brian L. Frechette ("Mr. Frechette") relative to the mortgage foreclosure proceeding commenced by your office on behalf of Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-11 under the Pooling and Servicing Agreement dated as of November 1, 2003 ("Deutsche Bank"). Because the refinancing transaction that Mr. Frechette entered into on October 1, 2003, with Ameriquest Mortgage Company ("Ameriquest") involved several violations of the Massachusetts Truth In Lending Act (M.G.L. c.140D, §1 et seq.) ("TILA"), our client has authorized us to rescind the transaction pursuant to M.G.L. c.140D, §10, and the Massachusetts Banking Commissioner's Regulations promulgated thereunder, 209 CMR 32.23.

The following brief synopsis of the facts and law which outlines Mr. Frechette's right to rescind incorporates citations to the federal Truth In Lending Act ( (15 USC §1601, et. seq.), the Federal Reserve Board Regulations promulgated thereunder (12 CFR §226.1 et. seq., "Regulation Z"); the Official Staff Commentary of the Federal Reserve Board; and relevant federal case law. As the

Victor Manougian, Esquire
April 21, 2005
Page 2

Massachusetts TILA and regulations are identical to the federal statutory and regulatory scheme in all substantive aspects, the state courts are guided by this federal law in interpreting the cognate provisions of state law. Therefore, although reference is made to federal law throughout this letter for illustrative purposes, the rescission claim and all other claims made herein are solely grounded in state law.

### Bases For Exercise of Right of Rescission

The TILA violation which gives rise to Mr. Frechette's right to rescind the Ameriquest mortgage loan transaction includes, <u>but is not limited to</u>, Ameriquest's failure to disclose the correct finance charge. **Mr. Frechette hereby expressly reserve the right to allege additional TILA violations in the event the same are ascertained either in the course of additional investigation or analysis of the circumstances surrounding and the disclosures made in connection with the consummation of the Ameriquest mortgage loan transaction or ascertained through discovery in the event the resolution of this matter involves litigation.**

The TILA violations currently known to Mr. Frechette involve charges that were not bona fide and reasonable and, accordingly, these charges should have been disclosed as components of the finance charge at the time of the consummation of the Ameriquest mortgage loan transaction. By failing to disclose the following charges as components of the finance charge, Ameriquest violated Regulation Z, §226.4(c)(7), and 209 CMR 32.4(c)(7). (All of the following charges are shown on the copy of the HUD-1 Settlement Statement relative to Mr. Frechette's refinance mortgage loan with Ameriquest attached to this correspondence as Exhibit "A").

A.  *$90.00 Undisclosed Finance Charge Based On Failure To Properly Calculate Title Insurance Premium.* According to line 1108 of the Ameriquest HUD-1 Settlement Statement, Mr. Frechette was charged $1,450.00 for lender's title insurance coverage in the amount of $543,750. According to the copy of the Fidelity National Title Insurance Company of New York ("Fidelity") Loan Policy Number 5412-3231241 issued in connection with Mr. Frechette's Ameriquest mortgage loan, the actual premium paid was $1,360.00 (a copy of Schedule A to said loan policy attached hereto as Exhibit "B"). Accordingly, the $90.00 overcharge constitutes an undisclosed finance charge.

B.  *$547.00 Undisclosed Finance Charge Based On Failure To Provide Refinance Loan "Discount" On Title Insurance Premium.* At the time of the issuance of Ameriquest's loan policy of title insurance, Fidelity's published premium rate schedule also provided that in the case of a refinance loan if a policy has been issued insuring the mortgage being refinanced, then the new premium may be 60% of the current premium. To the extent that the new loan amount exceeded the old loan amount, then additional premium at the full rate should be collected for the excess amount. A policy had in fact been issued in connection with the

Victor Manougian, Esquire
April 21, 2005
Page 3

$456,400 first mortgage loan with New Century Mortgage Corporation being refinanced by Mr. Frechette. Accordingly, Mr. Frechette should have been charged only $740.00 for the required lender's policy of title insurance, calculated as follows:

$684.60  Premium on first $456,400 of coverage x 60% of $2.50 rate/$1,000
$218.40  Premium on remaining $87,350 at $2.50 rate/$1,000
$903.00  Premium reflecting appropriate discount

Failure to provide Mr. Frechette with the available discount resulted in a title insurance premium overcharge of $547.00, which overcharge constitutes an undisclosed finance charge.

C. *$65.00 Undisclosed Finance Charge Based on Recording Fees Overcharge.* According to line 1201 of the Ameriquest HUD-1 Settlement Statement, Mr. Frechette was charged recording fees in the amount of $315.00. However, an examination of the public records of the Middlesex South Registry of Deeds indicates that only $250.00 in recording fees were paid in connection with the (i) the recording of Ameriquest's mortgage ($175.00) and (ii) the recording of a discharge ($75.00). To the extent that the remaining $65.00 in recording fees collected from Mr. Frechette were in fact not paid to public officials, the same represents an undisclosed finance charge. See *Mayo v. Key Financial Services, Inc.*, 424 Mass. 862 (1997).

D. *$25.00 Undisclosed Finance Charge Based on "City/County Tax/Stamps" Fee Overcharge.* According to line 1202 of the Ameriquest HUD-1 Settlement Statement, Mr. Frechette was charged $25.00 for "City/County Tax/Stamps." There is no record of any tax or stamps being paid in connection with the consummation of Mr. Frechette's mortgage loan transaction with Ameriquest. To the extent that the $25.00 in tax/stamps collected from Mr. Frechette were in fact not paid to public officials, the same represents an undisclosed finance charge.

F. *Excessive portion of Attorney Closing Fees Overcharge.* According to lines 1101 and 1111 of the Ameriquest HUD-1 Settlement Statement, the closing attorney handling Mr. Frechette's Ameriquest refinance mortgage loan transaction charged Mr. Frechette a $300.00 "settlement or closing fee" and a $750.00 "settlement/disbursement" fee, for a total of $1,050.00 in "settlement" legal fees. In addition, the $295.00 charged for an "escrow fee" referenced on line 1112 of the Settlement Statement is merely disguised as a separate cost in order to make the aggregate "settlement" legal fees charged appear lower. The aggregate $1,345.00 legal fee charged for closing Mr. Frechette's mortgage loan far exceeds the range of charges normally imposed by experienced lender's counsel on loans of this type. As such, the excessive portion is an undisclosed finance charge.

Victor Manougian, Esquire
April 21, 2005
Page 4

In summary, Ameriquest failed to disclose an aggregate of $727.00 in actual finance charges that were paid by Mr. Frechette and failed to disclose the excessive portion of the legal fees paid by Mr. Frechette to Ameriquest's closing attorney. These failures constitute a violation of Regulation Z, §226.18(d) and 209 CMR 32.18(d) in amounts exceeding TILA's error tolerance for material disclosures (i.e. $35.00 error tolerance applicable in foreclosure defense context). Further, this failure to make required material disclosures tolls Mr. Frechette's rescission rights until the earlier of Deutsche Bank's provision of rescission right notices with corrected material disclosures, or the passage of four years subsequent to consummation of the transaction. G.L. c.140D, §10, 209 CMR 32.23(a)(3). Cf., 15 USC 1635, Regulation Z, §226.23(a)(3). Deutsche Bank has not provided Mr. Frechette with rescission notices accompanied by the required corrected material disclosures. Further, it has only been approximately one year and eight months since the consummation of the Ameriquest mortgage loan transaction. Accordingly, Mr. Frechette is entitled at this time to rescind the Ameriquest mortgage loan transaction pursuant to the extended rescission rights provided for by TILA.

## Demand For Relief

As a result of this rescission notice, Deutsche Bank's security interest is void (209 CMR 32.23(d)(1); Regulation Z, §226.23(d)(1)) and Deutsche Bank is bound to immediately terminate such security interest. 209 CMR 32.23(d)(2); Regulation Z, §226.23(d)(2). In addition, Deutsche Bank has twenty (20) days from its receipt of this notice to return to Mr. Frechette all monies paid in connection with the terms of the Ameriquest mortgage loan. *Id.* Failure to cancel the security interest and return to Mr. Frechette all monies due may subject Deutsche Bank to actual and statutory damages, pursuant to G.L. c.140D, §32, as well as multiple damages for corresponding violations of c.93A. *See*, G.L. c.140D, §34. **Finally, demand is made to immediately suspend all collection proceedings being instituted against Mr. Frechette including but not limited to the foreclosure sale of the subject property scheduled for 2:00 p.m. on Monday, April 25, 2005.**

Very truly yours,

Michael J. Powers

Enclosures
cc: Brian L. Frechette (w/copies of encls. - by first class mail)
    Paul Irwin, Esquire (w/copies of encls. - by fax and first class mail)
    John T. Landry, III, Esquire (w/copies of encls. - by fax and first class mail)
    The Jumpp Company, Inc. (w/copies of encls. - by fax and first class mail)
    Deutsche Bank National Trust Company, as Trustee (w/copies of encls. - by Certified Mail,
    No. 7004 2890 0001 4725 5589, Return Receipt Requested at: 1761 Andrews Place, Santa Ana, CA 92705) (East Street)

Oct-08-03  12:31pm  From-AMERIQUEST MORTGAGE/NATICK         +508-655-7589          T-506   P.004/005   F-094

| | |
|---|---|
| Transactions without Sellers | and Urban Development | WLI STN |
| Name & Address of Borrower:<br>Brian L. Frechette | Name & Address of Lender:<br>Ameriquest Mortgage Company<br>1 Apple Hill DR., Box 8118 |
| 74 Washington Street    SHERBORN, MA 01770 | Natick, MA 01760 |
| Property Location: (if different from above) | Settlement Agent: CROWLEY, ESQ., GEORGE T. |
| 74 Washington Street, SHERBORN, MA 01770 | Place of Settlement: 63 SHORE ROAD  WINCHESTER, MA 01890 |

**L.   Settlement Charges**

| | | |
|---|---|---|
| 800. Items Payable in Connection with Loan | | Loan Number: 0059193128 - 5789    Settlement Date: 10/08/2003 |
| 801. Loan origination fee      % to | | |
| 802. Loan discount  2.000 % to Ameriquest Mortgage Company | $10,875.00 | **M.  Disbursement to Others** |
| 803. Apprsl/Prop Val to Burke Appraisals  *L $150.00 * $0.00 | $300.00 | 1501. HHLD BANK  (W)  $299.00 |
| 804. Credit report to | | |
| 805. Inspection fee to | | 1502. DISCOVER FINANCIAL S  (W)  $311.00 |
| 806. | | |
| 807. | | 1503. PROVIDENTBNK  (W)  $466,532.08 |
| 808. Yield Spread Premium to | | |
| 809. | | 1504. PROVIDIAN FINANCIAL  (W)  $814.00 |
| 810. Tax Related Service Fee to Ameriquest Mortgage | $70.00 | |
| 811. Flood Search Fee to Ameriquest Mortgage Company | $16.00 | 1505. SOVEREIGN BANK  (W)  $1,917.00 |
| 812. Lenders Processing Fee to Ameriquest Mortgage | $626.00 | |
| 813. Admin to Ameriquest Mortgage Company | $239.00 | 1506. |
| 814. Doc. Prep. Fee to | | |
| 815. Credit Report Fee to | | 1507. |
| 816. Origination Fee      % to | | |
| 817. Application Fee to Ameriquest Mortgage Company | $360.00 | 1508. |
| 818. Underwriting Fee to | | |
| 819. Service Provider Fee to | | 1509. |
| 820. Processing Fee to | | |
| 821. Underwriting Fee to | | 1510. |
| 822. Appraisal Fee to | | |
| 900. Items Required by Lender to be Paid in Advance | | 1511. |
| 901. Interest from 10/08/2003 to 11/01/2003 @ $171.32 per day | $4,111.68 | |
| 902. Mortgage Insurance premium for    months to | | 1512. |
| 903. Hazard Ins prem to | $0.00 | |
| 904. Flood Ins prem to | | 1513. |
| 1000. Reserves Deposited with Lender | | |
| 1001. Hazard Insurance   months @ $   per month | | 1514. |
| 1002. Mortgage Insurance   months @ $   per month | | |
| 1003. Earthquake Ins   months @ $   per month | | 1515. |
| 1004. County prop. taxes   months @ $   per month | | |
| 1005. Annual assess.   months @ $   per month | | |
| 1006. Flood   months @ $   per month | | 1520. TOTAL DISBURSED (enter on line 1603)   $469,873.08 |
| 1007. Windstorm Ins   months @ $   per month | | |
| 1008. | | Total Wire:              $527,152.32 |
| 1100. Title Charges | | |
| 1101. Settlement or closing fee to The Law Offices of | $300.00 | Deposit at Escrow/Title:   $0.00 |
| 1102. Abstract or title search to | | Subordinate Financing:   $0.00 |
| 1103. Title examination to | | |
| 1104. Title Insurance binder to | | |
| 1105. Document preparation to | | |
| 1106. Notary fees to | | |
| 1107. Attorney's fees to | | |
| 1108. Title Insurance to The Law Offices of George Crowley | $1,450.00 | |
| 1109. Lender's coverage  $ | | |
| 1110. Owner's coverage  $ | | |
| 1111. Settlement/Disbursement fee to The Law Offices of | $750.00 | |
| 1112. Escrow Fee to The Law Offices of George Crowley | $295.00 | L = Lender Paid |
| 1200. Government Recording and Transfer Charges | | |
| 1201. Recording fees | $315.00 | |
| 1202. City/county tax/stamps | $25.00 | **N   NET SETTLEMENT** |
| 1203. State tax/ stamps | | |
| 1204. State specific fee | | 1600. Loan Amount    $43,750.00 |
| 1205. State specific fee | | |
| 1300. Additional Settlement Charges | | 1601. Plus Cash/Check from Borrower |
| 1301. Demand to | | |
| 1302. Pest Inspection to | | 1602. Minus Total Settlement Charges (line 1400)    $19,812.68 |
| 1303. Survey Fee | $50.00 | |
| 1304. Staff Appraiser Fee | | 1603. Minus Total Disbursements to Others (line 1520)    $469,873.08 |
| 1305. Reconveyance Fee to | | |
| 1306. | | 1604. Equals Disbursements to Borrower |
| 1307. Property Val Fee to | | (after expiration of any applicable rescission period)    $54,064.24 |
| 1308. Courier Fee | $30.00 | |
| 1400. Total Settlement Charges (enter on line 1602) | $19,812.68 | |

Borrower(s) Signature(s):

X _____

Approved for Funding By: Chris Jenkins       Approved: _____       Branch: Natick, MA 01760

Mortgage Lenders License - License Number ML0702

SCHEDULE A
LOAN FORM

OFFICE FILE NO. 2006182

|  | POLICY NUMBER | DATE OF POLICY @ | AMOUNT OF INSURANCE | PREMIUM |
|---|---|---|---|---|
| OWNERS |  |  |  |  |
| LOAN | POLICY NUMBER 5412-3231241 | DATE OF POLICY 10/9/2003 @ 2:16 PM | AMOUNT OF INSURANCE $543,750.00 | PREMIUM $1,360.00 |

1. Name of Insured:

   Ameriquest Mortgage Company, its successor and/or assigns, ATIMA

2. The estate or interest referred to herein is at Date of Policy vested in:

   Brian L. Frechette

3. The estate or interest in land described in this Schedule and which is encumbered by the insured mortgage is :

   Fee Simple.

4. The Mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described as follows:

   Mortgage from Brian L. Frechette to Ameriquest Mortgage Company, dated 9/23/2003, securing the original principal amount of $543,750.00 and recorded with the Middlesex County Registry of Deeds on 10/9/2003 at 2:16 PM as Instrument No. 1279.

5. The land referred to in this policy is located at 74 Washington Street, in the City/Town of Sherborn, County of Middlesex, State of Massachusetts, and is described as set forth in Exhibit A attached hereto and made a part hereof.

Countersigned

By: *George T. Crowley/dmb*
    Authorized Signatory
    George T. Crowley

FORM 26 - 031/041 - 90/92 A (4/93) (rev. 96)