UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRIAN L. FRECHETTE,<br>    Plaintiff | )<br>)<br>) | |
| V. | ) | CIVIL ACTION NO. 05-11398RWZ |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY<br>and DEUTSCHE BANK NATIONAL<br>TRUST COMPANY, as TRUSTEE of<br>AMERIQUEST MORTGAGE<br>SECURITIES INC., ASSET BACKED<br>PASS-THROUGH CERTIFICATES,<br>SERIES 2003-11 UNDER THE<br>POOLING AND SERVICING<br>AGREEMENT DATED AS OF<br>NOVEMBER 1, 2003, WITHOUT<br>RECOURSE,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**PLAINTIFF, BRIAN L. FRECHETTE'S, REPLY TO THE COUNTERCLAIM OF THE DEFENDANT, AMERIQUEST MORTGAGE COMPANY**

Now comes the Plaintiff and Defendant-in-Counterclaim, Brian L. Frechette (hereinafter "Frechette"), and, pursuant to Rule 13 of the Federal Rules of Civil Procedure, herein replies to the Counterclaim of the Defendant and Plaintiff-in-Counterclaim, Ameriquest Mortgage Company (hereinafter "Ameriquest"), by stating:

1. On information and belief, Frechette admits the truth of the allegations set forth in paragraph one of the Counterclaim.

2. Frechette admits the truth of the allegations set forth in paragraph two of the Counterclaim.

3. Frechette admits the truth of the allegations set forth in paragraph three of the Counterclaim.

4. Frechette admits the truth of the allegations set forth in paragraph four of the Counterclaim.

5. Frechette admits that he filed his Complaint against Ameriquest and Deutsche Bank, as Trustee, in the Middlesex Superior Court on June 3, 2005, and states that his Complaint speaks for itself as to its claims and allegations.

6. Frechette denies the truth of the allegations set forth in paragraph six of the Counterclaim.

## COUNT I
**Declaratory Judgment Pursuant to Declaratory Judgment Act, 28 U.S.C. § 2201**

7. Frechette repeats and incorporates by reference his answers to the allegations set forth in paragraphs one through six of this Reply, as if fully set forth herein.

8. Frechette admits the truth of the allegations set forth in paragraph eight of the Counterclaim.

9. Frechette admits the truth of the allegations set forth in paragraph nine of the Counterclaim.

10. Frechette denies the truth of the allegations set forth in paragraph ten of the Counterclaim.

11. Frechette denies that Ameriquest is entitled to the declaration sought by Ameriquest in paragraph eleven of the Counterclaim.

And, in further answering, the Plaintiff and Defendant-in-Counterclaim, Brian L. Frechette, asserts the following separate defenses:

## FIRST SEPARATE DEFENSE

Ameriquest has failed to state a claim as to Frechette upon which relief can be granted and, accordingly, the Counterclaim should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

## SECOND SEPARATE DEFENSE

Ameriquest's claims for declaratory relief are barred or otherwise precluded by reason of its unclean hands and laches.

## THIRD SEPARATE DEFENSE

The losses and damages complained of by Ameriquest were caused in whole or in part by the negligence and/or intentional and wrongful conduct of Ameriquest, or by a person or entity for which Ameriquest is legally responsible and answerable for, and, accordingly, Ameriquest is not entitled to declaratory or equitable relief in this matter.

## FOURTH SEPARATE DEFENSE

Ameriquest's claims in this matter are barred by reason of the doctrine of estoppel.

## FIFTH SEPARATE DEFENSE

Ameriquest lacks standing to pursue its claim for declaratory relief against Frechette.

## SIXTH SEPARATE DEFENSE

By way of affirmative defense, Frechette states that he reserves the right, after entering into discovery, to file additional affirmative defenses, claims and actions as may be necessary, compulsory or available.

WHEREFORE, the Plaintiff and Defendant-in-Counterclaim, Brian L. Frechette, respectfully requests that, with respect to the Counterclaim of the Defendant and Plaintiff-in-Counterclaim, Ameriquest Mortgage Company, this Honorable Court:

1. Enter a judgment in Frechette's favor on all claims asserted in the Counterclaim;

2. Dismiss the Counterclaim with prejudice;

3. Award Frechette his costs and expenses, including attorney's fees and costs incurred in the defense of the Counterclaim; and

4. Grant such other and further relief as is just and proper in this matter.

Respectfully Submitted:

BRIAN L. FRECHETTE

By his attorneys:

/s/ John T. Landry, III
_____
John T. Landry, III
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA  02184-2605
(781) 356-1399
BBO No. 544388


/s/ Michael J. Powers
_____
Michael J. Powers
Powers Law Offices, P.C.
91 Gloucester Road
Westwood, MA  02090
(781) 326-7766
BBO No.  405035