**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRIAN L. FRECHETTE, <br><br> Plaintiff, <br> v. <br><br> AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE of AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE <br><br> Defendants. | CIVIL ACTION NO. 05-11398-RWZ |

**JOINT STATEMENT UNDER LOCAL RULE 16.1(D)**

*I. Summary Of The Parties' Positions*

   *A. The Plaintiff's Position*

In this action, the Plaintiff, Brian L. Frechette (hereinafter "Frechette"), seeks to determine the validity of his rescission, in accordance with the provisions of the Massachusetts Consumer Credit Cost Disclosure Act, M.G.L. c. 140D, §1 *et seq.*, of a mortgage loan transaction he entered on October 1, 2003. The Defendant, Ameriquest Mortgage Company (hereinafter "Ameriquest"), was the originator of the mortgage loan transaction. The Defendant, Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2003-11 Under the Pooling and Servicing Agreement Dated as of November 1, 2003, Without Recourse (hereinafter "Deutsche Bank, as Trustee"), is the present holder of the Promissory Note and Mortgage, and has commenced foreclosure

proceedings against Frechette. By Stipulation of the parties to this action, the foreclosure has been stayed pending further action by this Court.

Briefly, Frechette contends that, in connection with the mortgage loan transaction, Ameriquest failed to disclose the correct finance charges that Frechette was incurring. Frechette contends that Ameriquest failed to disclose at least $727.00 in actual finance charges, including an overcharge of $90.00 for lender's title insurance, an overcharge of $25.00 for City/County Tax Stamps that Ameriquest never paid, an overcharge of $547.00 resulting from the failure of Ameriquest to provide Frechette with a title insurance premium discount to which he was entitled. Frechette also contends that he was charged excessive fees, including "settlement or closing" fees, "settlement/disbursement" fees, and "escrow" fees in connection with the transaction. These overcharges constitute undisclosed finance charges, in violation of M.G.L. c. 140D.

On January 28, 2005, Deutsche Bank, as Trustee, as the assignee of the note and mortgage, initiated foreclosure proceedings against Frechette and subsequently notified Frechette of its intention to sell his home. On April 21, 2005, Frechette forwarded his Rescission Notice to Deutsche Bank, as Trustee, outlined for Deutsche Bank, as Trustee the aforesaid violations of M.G.L. c. 140D, and rescinded the mortgage loan transaction. Although Deutsche Bank, as Trustee was required by M.G.L. c. 140D to respond within twenty days of its receipt of Frechette's Rescission Notice, no response whatsoever was received by Frechette. Ameriquest, on or about May 18, 2005, although it had already assigned the Promissory Note and Mortgage to Deutsche Bank, as Trustee, belatedly responded to the Rescission Notice, and admitted to overcharges of $115.00 in connection with the mortgage loan transaction, a figure which clearly exceeds the error tolerance level of $35.00 applicable in the foreclosure defense context. *See* 15

U.S.C. §1635(i)(2); Regulation Z §226.23(h)(2)(i); 209 C.M.R. 32.23(8). Frechette contends, these admitted violations establish the validity of Frechette's rescission of the mortgage loan transaction. As a result, Frechette contends that Deutsche Bank, as Trustee's and Ameriquest's security interest in the mortgage on his property is void.

In his Complaint, Frechette seeks a declaratory judgment adjudging that Frechette properly rescinded the Promissory Note and Mortgage provided to Ameriquest, and directing Ameriquest to comply with the requirements of M.G.L. c. 140D, including the repayment of all monies paid by Frechette to Ameriquest and to Deutsche Bank, as Trustee and the discharge of the mortgage on Frechette's property. Frechette also seeks actual damages and statutory damages, in accordance with M.G.L. c. 140D, §32, and relief and damages under the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

### B. *The Defendants' Position*

#### (1) *Ameriquest's Position*

Ameriquest has filed an Answer to plaintiff's Complaint denying liability with respect to the claims asserted in the Complaint. Specifically, Ameriquest has provided Frechette with all required disclosures with respect to the subject loan, and Frechette is not entitled to rescind his loan under Mass. Gen. L. ch. 140D. Further, the alleged "overcharges" -- which plaintiff contends Ameriquest did not disclose -- do not constitute "finance charges" within the meaning of Mass. Gen. L. ch. 140D, § 4, *et seq.* and 209 C.M.R. § 32.04. Thus, plaintiff is not entitled to recover as a matter of law.

To the extent that plaintiff alleges Ameriquest charged "excessive fees," such charges were for goods or facilities actually furnished or for services actually performed and were reasonably related to the market value of the goods, services and facilities provided by

Ameriquest or its agents. Moreover, Ameriquest properly responded to plaintiff's purported letter of rescission and denies that it made any admissions with respect to any "overcharges" of the finance charge in connection with the plaintiff's mortgage loan transaction. Any fees charged to plaintiff were reasonable and were charged for the value of the services performed.

Ameriquest has also filed a counterclaim against plaintiff seeking a declaration that the plaintiff did not, and is not entitled to, rescind his mortgage loan with Ameriquest and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

### *(2) Deutsche Bank, as Trustee's Position*

Deutsche Bank, as Trustee has filed an Answer to plaintiff's Complaint denying liability with respect to the claims asserted in the Complaint. Specifically, Deutsche Bank, as Trustee has provided Frechette with all required disclosures with respect to the subject loan, and Frechette is not entitled to rescind his loan under Mass. Gen. L. ch. 140D. Further, the alleged "overcharges" -- which plaintiff contends Ameriquest did not disclose -- do not constitute "finance charges" within the meaning of Mass. Gen. L. ch. 140D, § 4, *et seq.* and 209 C.M.R. § 32:04. Thus, plaintiff is not entitled to recover as a matter of law. Moreover, Deutsche Bank properly responded to plaintiff's purported letter of rescission and denies that it made any admissions with respect to any "overcharges" of the finance charge in connection with the plaintiff's mortgage loan transaction.

Deutsche Bank, as Trustee has also filed a counterclaim against plaintiff seeking a declaration that the plaintiff did not, and is not entitled to, rescind his mortgage loan with Deutsche Bank, as Trustee and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

- 5 -

## II.     *The Parties' Joint Discovery Plan*

A joint discovery plan in the form of a Proposed Scheduling Order complying with Local Rule 16.1(D)(1) is attached hereto as <u>Exhibit 1</u> by the Plaintiff, Brian L. Frechette, and the Defendants, Ameriquest Mortgage Company and Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2003-11 Under the Pooling and Servicing Agreement Dated as of November 1, 2003, Without Recourse.  The parties aver that:

(a) this proposal conforms with Fed. R. Civ. P. 26(b);

(b) the desirability of phased discovery has been considered and the parties do not consent thereto;

(c) the Proposed Scheduling Order required by Local Rule 16.1(D)(1) contains a proposed schedule for the filing of motions;

(d) certifications complying with Local Rule 16.1(D)(3) will be filed forthwith by all parties.

Respectfully submitted,

| BRIAN L. FRECHETTE | AMERIQUEST MORTGAGE CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE |
|---|---|
| By his attorneys, | By their attorneys, |
| */s/ John T. Landry, III* (with permission) | */s/ Ryan M. Tosi* |
| John T. Landry, III (BBO #544388)<br>GLYNN, LANDRY, HARRINGTON & RICE, LLP<br>10 Forbes Road<br>Braintree, MA 02184<br>(781) 356-1399 | R. Bruce Allensworth (BBO #015820)<br>(ballensworth@klng.com)<br>Phoebe S. Winder (BBO #567103)<br>(pwinder@klng.com)<br>Ryan M. Tosi (BBO #661080)<br>(rtosi@klng.com)<br>KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP<br>75 State Street<br>Boston, MA 02109<br>(617) 261-3100 |
| */s/ Michael J. Powers* (with permission) | |
| Michael J. Powers (BBO No. #405035)<br>Powers Law Offices, P.C.<br>91 Gloucester Road<br>Westwood, MA  02090<br>(781) 326-7766 | |

Dated: October 12, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that on October 12, 2005, I served a true copy of the foregoing document by electronic filing upon the following:

John T. Landry, III
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA 02184-2605

Michael J. Powers
Powers Law Offices, P.C.
91 Gloucester Road
Westwood, MA 02090

                          */s/ Ryan M. Tosi*

                          Ryan M. Tosi

# EXHIBIT 1

BOS-904182 v5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRIAN L. FRECHETTE,<br><br>               Plaintiff,<br>v.<br><br>AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE of AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 05-11398-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED JOINT PRE-TRIAL SCHEDULING ORDER**

Pursuant to the Notice of Scheduling Conference dated September 8, 2005, and in accordance with Local Rule 16.1(D), Plaintiff, Brian L. Frechette, and the Defendants, Ameriquest Mortgage Company and Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2003-11 Under the Pooling and Servicing Agreement Dated as of November 1, 2003, Without Recourse, hereby jointly submit the following Proposed Joint Pre-Trial Schedule in connection with the scheduling conference to be held on October 19, 2005.

**I.**    **Discovery Limitations and Proposed Discovery Schedule**

The parties agree to the discovery limitations set forth in Local Rule 26.1(C) and propose the following deadlines for discovery and motions:

- Initial Disclosures:  Initial disclosures, made pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), will be completed on or before **November 2, 2005**.

- Discovery Period: The parties shall propound all written discovery on or before **February 6, 2006**. The parties will complete fact depositions on or before **May 1, 2006**.

- Experts: (a)   Plaintiff shall designate experts and serve expert reports on or before **June 9, 2006**;

    (b)   Defendant shall designate experts and serve expert reports on or before **July 10, 2006**;

    (c)   Rebuttal experts, if any, will be disclosed in accordance with Fed. R. Civ. P. 26(a)(2) on or before **July 24, 2006**.

    (c)   the parties will complete all expert depositions on or before **August 30, 2006**.

- Dispositive Motions: All dispositive motions shall be filed and served on or before **September 15, 2006**. All oppositions shall be filed and served within 21 days of service of the dispositive motion and all replies shall be filed and served within 14 days of service of the opposition.

- Final Pre-Trial Conference: On or after **December 15, 2006**.

- Trial: On or after **January 2007**.

## II.   Trial By Magistrate

The parties are not prepared at this time to consent to trial by a Magistrate Judge.

## III.   Alternate Dispute Resolution

The parties do not believe that Alternate Dispute Resolution is appropriate at this time.

## IV.   Certifications

The parties will file their Certificates of Compliance with Local Rule 16.1 prior to or at the time of the scheduling conference.

- 4 -

Respectfully submitted,

| | |
|---|---|
| BRIAN L. FRECHETTE | AMERIQUEST MORTGAGE CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE |
| By his attorneys, | By their attorneys, |
| */s/ John T. Landry, III* (with permission) | */s/ Ryan M. Tosi* |
| John T. Landry, III (BBO #544388)<br>GLYNN, LANDRY, HARRINGTON & RICE, LLP<br>10 Forbes Road<br>Braintree, MA 02184<br>(781) 356-1399 | R. Bruce Allensworth (BBO #015820)<br>(ballensworth@klng.com)<br>Phoebe S. Winder (BBO #567103)<br>(pwinder@klng.com)<br>Ryan M. Tosi (BBO #661080)<br>(rtosi@klng.com)<br>KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP<br>75 State Street<br>Boston, MA 02109<br>(617) 261-3100 |
| */s/ Michael J. Powers* (with permission) | |
| Michael J. Powers (BBO No. #405035)<br>Powers Law Offices, P.C.<br>91 Gloucester Road<br>Westwood, MA 02090<br>(781) 326-7766 | |

Dated: October 12, 2005

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that on October 12, 2005, I served a true copy of the foregoing document by electronic filing upon the following:

John T. Landry, III
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA 02184-2605

Michael J. Powers
Powers Law Offices, P.C.
91 Gloucester Road
Westwood, MA 02090

                           */s/ Ryan M. Tosi*

                           Ryan M. Tosi