UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

BRIAN L. FRECHETTE,           )
    Plaintiff                )
                         )
V.                        )       CIVIL ACTION NO. 05-11398RWZ
                         )
AMERIQUEST MORTGAGE COMPANY )
and DEUTSCHE BANK NATIONAL    )
TRUST COMPANY, as TRUSTEE of    )
AMERIQUEST MORTGAGE        )
SECURITIES INC.,        ASSET BACKED    )
PASS-THROUGH CERTIFICATES,    )
SERIES 2003-11 UNDER THE      )
POOLING AND SERVICING       )
AGREEMENT DATED AS OF       )
NOVEMBER 1, 2003, WITHOUT    )
RECOURSE,               )
    Defendants            )

**PLAINTIFF, BRIAN L. FRECHETTE'S, REPLY TO THE COUNTERCLAIM OF
THE DEFENDANT, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE
POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1,
2003, WITHOUT RECOURSE**

Now comes the Plaintiff and Defendant-in-Counterclaim, Brian L. Frechette

(hereinafter "Frechette"), and, pursuant to Rule 13 of the Federal Rules of Civil Procedure,

herein replies to the Counterclaim of the Defendant and Plaintiff-in-Counterclaim, Deutsche

Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset

Backed Pass-Through Certificates, Series 2003-11 Under the Pooling and Servicing

Agreement Dated as of November 1, 2003, Without Recourse (hereinafter "Deutsche Bank, as

Trustee"), by stating:

    1.        Frechette admits the truth of the allegations set forth in paragraph one of the

Counterclaim.

2

2.      Frechette admits the truth of the allegations set forth in paragraph two of the
Counterclaim.

3.      Frechette admits that he filed his Complaint against Ameriquest and Deutsche
Bank, as Trustee, in the Middlesex Superior Court on June 3, 2005, and states
that his Complaint speaks for itself as to its claims and allegations.

4.      Frechette denies the truth of the allegations set forth in paragraph four of the
Counterclaim.

## COUNT I
### Declaratory Judgment Pursuant to Declaratory Judgment Act, 28 U.S.C. § 2201

5.      Frechette repeats and incorporates by reference his answers to the allegations
set forth in paragraphs one through four of this Reply, as if fully set forth
herein.

6.      Frechette admits the truth of the allegations set forth in paragraph six of the
Counterclaim.

7.      Frechette admits the truth of the allegations set forth in paragraph seven of the
Counterclaim.

8.      Frechette denies the truth of the allegations set forth in paragraph eight of the
Counterclaim.

9.      Frechette denies that Ameriquest is entitled to the declaration sought by
Ameriquest in paragraph nine of the Counterclaim.

And, in further answering, the Plaintiff and Defendant-in-Counterclaim, Brian L.
Frechette, asserts the following separate defenses:

## FIRST SEPARATE DEFENSE

Deutsche Bank, as Trustee, has failed to state a claim as to Frechette upon which relief
can be granted and, accordingly, the Counterclaim should be dismissed in accordance with Fed. R.
Civ. P. 12(b)(6).

## SECOND SEPARATE DEFENSE

The claims of Deutsche Bank, as Trustee, for declaratory relief are barred or otherwise
precluded by reason of its unclean hands and laches.

## THIRD SEPARATE DEFENSE

The losses and damages complained of by Deutsche Bank, as Trustee were caused in
whole or in part by the negligence and/or intentional and wrongful conduct of Ameriquest, or by a
person or entity for which Deutsche Bank, as Trustee, is legally responsible and answerable for,
and, accordingly, Deutsche Bank, as Trustee, is not entitled to declaratory or equitable relief in
this matter.

## FOURTH SEPARATE DEFENSE

The claims of Deutsche Bank, as Trustee, in this matter are barred by reason of the
doctrine of estoppel.

## FIFTH SEPARATE DEFENSE

Deutsche Bank, as Trustee, lacks standing to pursue its claim for declaratory relief against
Frechette.

## SIXTH SEPARATE DEFENSE

By way of affirmative defense, Frechette states that he reserves the right, after entering into discovery, to file additional affirmative defenses, claims and actions as may be necessary, compulsory or available.

WHEREFORE, the Plaintiff and Defendant-in-Counterclaim, Brian L. Frechette, respectfully requests that, with respect to the Counterclaim of the Defendant and Plaintiff-in-Counterclaim, Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-11 Under the Pooling and Servicing Agreement Dated as of November 1, 2003, Without Recourse, this Honorable Court:

1.   Enter a judgment in Frechette's favor on all claims asserted in the Counterclaim;

2.   Dismiss the Counterclaim with prejudice;

3.   Award Frechette his costs and expenses, including attorney's fees and costs incurred in the defense of the Counterclaim; and

4.   Grant such other and further relief as is just and proper in this matter.

Respectfully Submitted:

BRIAN L. FRECHETTE

By his attorneys:

*/s/ John T. Landry, III*

_____
John T. Landry, III
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA  02184-2605
(781) 356-1399
BBO No. 544388

5

*/s/ Michael J. Powers*

_____

Michael J. Powers
Powers Law Offices, P.C.
91 Gloucester Road
Westwood, MA  02090
(781) 326-7766
BBO No.  405035