**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRIAN L. FRECHETTE,<br><br>    Plaintiff,<br>v.<br><br>AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE of AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-11398-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER**

  Pursuant to Fed. R. Civ. P. 26(c), defendants Ameriquest Mortgage Company ("Ameriquest") and Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-11 Under the Pooling and Servicing Agreement Dated as of November 1, 2003, Without Recourse ("Deutsche Bank, as Trustee"), hereby move for entry of a Confidentiality Order in the form found at Exhibit 1 to the Motion, thereby restricting the use and dissemination of confidential and proprietary information in connection with the above-captioned matter.

  Ameriquest is prepared to produce certain confidential and proprietary information to plaintiff Brian Frechette ("plaintiff"), and it has requested that, in advance of any production, plaintiff agree not to disseminate this confidential and proprietary information to the public or to any third party. Counsel for plaintiff, however, has refused to sign <u>any</u> confidentiality agreement

in <u>any</u> form. Plaintiff's counsel has demanded that in lieu of a confidentiality agreement, Ameriquest parse out each and every document for which it seeks confidential protection, and negotiate such protection with plaintiff's counsel in advance of production. As a practical matter, such an approach would be unworkable. It would not provide Ameriquest with a written, clear-cut means to protect its confidential commercial information, and it would create an *ad hoc* procedure that is ripe for dispute. Both Fed. R. Civ. P. 26(c)(7) and the <u>Manual for Complex Litigation – Third</u> contemplate the entry of an order to protect litigants' confidential and proprietary information in litigation, and here, Ameriquest asks nothing more than the entry of such an order in this case.

## Factual and Procedural Background

On November 2, 2005, within the time provided by Fed. R. Civ. P. 26(a)(1) and this Court's Scheduling Order of October 20, 2005, Ameriquest and Deutsche Bank, as Trustee served their Initial Disclosure Statements. In its Initial Disclosure Statement, Ameriquest agreed to produce documents, including confidential, non-privileged documents, but only subject to the entry of a confidentiality order.[1] One week later, on November 9, 2005, Ameriquest's counsel wrote to plaintiff's counsel, proposing that the parties enter into a confidentiality order and appending a proposed confidentiality order to the letter. <u>See</u> November 9, 2005 letter of Ryan M. Tosi attached hereto as Exhibit A.

On November 11, 2005, plaintiff's counsel wrote back, stating that he was unwilling to enter into a confidentiality order. <u>See</u> November 11, 2005 letter of John Landry attached hereto as Exhibit B. Thereafter, on November 22, 2005, Ameriquest's counsel responded, explaining

---

[1] In its Initial Disclosure Statement, Deutsche Bank, as Trustee stated that to the best of its knowledge, there were no documents in its possession, custody, and control that may be used to support its claims and defenses.

that some of the documents it was preparing to produce contained information that was confidential and proprietary to Ameriquest. Ameriquest's counsel further rejected plaintiff's suggestion that Ameriquest identify in advance each document that it wanted to designate as confidential, and explained that this would defeat the purpose of a confidentiality order as contemplated by both Fed. R. Civ. P. 26(c)(7) and the Manual for Complex Litigation – Third (1997). In the letter, Ameriquest's counsel concluded by asking plaintiff's counsel to contact her at his earliest convenience to discuss any concerns he might have. See November 22, 2005 letter of Phoebe S. Winder attached hereto as Exhibit C.

Plaintiff's counsel did not respond to Ameriquest's November 22, 2005 letter. On December 5, 2005, Ameriquest's counsel wrote to plaintiff's counsel:

> I have not heard from you in response to my letter dated November 22, 2005 regarding the proposed confidentiality order for entry in the above-captioned case. Ameriquest would like to move forward with discovery. Please advise, in accordance with my November 22 letter, whether you will consent to the proposed order.

Again, Ameriquest's counsel concluded the letter by inviting plaintiff's counsel to contact her with any concerns he might have. See December 5, 2005 letter of Phoebe S. Winder attached hereto as Exhibit D.

Plaintiff never responded to Ameriquest's December 5, 2005 – or its earlier letter of November 22, 2005. Ultimately, well over a month and a half elapsed and having heard nothing from plaintiff or his counsel, Ameriquest and Deutsche Bank, as Trustee served timely interrogatories and document production requests on plaintiff on January 20, 2006. Plaintiff has yet to serve discovery on Ameriquest.

On January 26, 2006, plaintiff's counsel contacted Ameriquest's counsel and accused Ameriquest's counsel of having failed to move forward on the issue of the confidentiality order.

In response, Ameriquest's counsel pointed out that plaintiff's counsel had never responded to Ameriquest's two letters and appeared unwilling to confer in good faith on the issue. Plaintiff's counsel then suggested that Ameriquest should have inferred from plaintiff counsel's silence that he was unwilling to enter the order. Ameriquest's counsel disagreed, and this Motion followed.

### **Argument**

This Court has long recognized that confidential and proprietary information and communications can be protected from public disclosure. See Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993) (district court did not abuse its discretion in entering protective order limiting dissemination of information in products liability action concerning chipper/shredder; affidavit filed by defendant manufacturer's general counsel indicated that manufacturer had valuable trade secrets and other confidential information); Fed. R. Civ. P. 26(c)(7) (recognizing a party's right to protection from the disclosure of "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way"); Manual for Complex Litigation – Third (1997), at 21.431, 21.432, 33.12 (protective orders may "facilitate the expeditious discovery of materials that may be entitled to protection as trade secret or other confidential commercial information").

Ameriquest is entitled to these same protections. By the instant Motion, Ameriquest simply requests that the Court protect Ameriquest from having to disclose its confidential and proprietary information, thereby assuring that such information will not be publicly disclosed without restraint. Plaintiff's counsel, however, has refused to sign any version of a confidentiality agreement, and based on communications with plaintiff's counsel, Ameriquest has no reason to believe that plaintiff or his counsel would be willing to limit the dissemination or disclosure of Ameriquest's confidential and proprietary information.

To be sure, plaintiff appears to suggest some sort of procedure whereby, in advance of any production, Ameriquest would identify each document it plans on designating as confidential and then would negotiate with plaintiff's counsel as to whether such designation is appropriate. Such an *ad hoc* procedure is precisely what a confidentiality order is designed to protect against. Not only would plaintiff's proposed procedure serve to hinder the flow of discovery material, it would inevitably give rise to disputes over confidentiality designations and it would not provide adequate assurance that Ameriquest's information would be kept confidential. Indeed, the procedure plaintiff proposes, contrary to that contemplated by the Manual for Complex Litigation – Third, would require Ameriquest to produce its confidential documents without any protection whatsoever and rely solely on the discretion of plaintiff's counsel as to whether he would treat such documents as confidential.

Moreover, there is little question that certain confidential documents will be relevant to the parties' dispute. Although plaintiff has yet to serve discovery on Ameriquest, Ameriquest has no reason to believe that plaintiff will not seek to obtain confidential and proprietary information concerning Ameriquest's internal policies and practices; the manner in which it originates, processes, approves and underwrites its loans; its dealings with vendors, titling companies, appraisal companies and insurance companies; its employee training; its financial information; its policies and procedures regarding compliance with federal and state laws and statutes; and information regarding its computer systems and databases. Ameriquest closely protects this type of confidential and proprietary business and financial information. See Declaration of Shane Stagner ("Stagner Decl.") filed simultaneously herewith at ¶¶ 5-6. Ameriquest has expended and continues to expend significant resources to create and maintain its policies, practices, employee training, and computer software programs, among others. Id. at

¶ 7.  This confidential and proprietary information provides Ameriquest with a significant competitive advantage in the mortgage industry, id. at ¶ 5, and Ameriquest would be severely prejudiced and its competitive advantage jeopardized if its confidential information were accessible on the public record, or if plaintiff were permitted to disseminate and disclose Ameriquest's confidential information to third parties without restraint.  Id. at ¶¶ 8-9.

While Ameriquest recognizes plaintiff's desire to obtain discovery in this matter relating to disputed issues in this litigation, plaintiff should be limited in his ability to disseminate or disclose Ameriquest's confidential and proprietary information, except to those to who consent for such disclosure or dissemination has been given either by this Court or Ameriquest.

Plaintiff will not be prejudiced should the Court grant the requested relief.  Ameriquest does not seek to restrict plaintiff's ability to speak concerning his case, but rather requests that plaintiff be prohibited from publicly disclosing any of Ameriquest's confidential and proprietary information to third parties excepted as permitted.

WHEREFORE, Ameriquest and Deutsche Bank, as Trustee request that this Court allow their Motion for Entry of a Confidentiality Order, grant all relief requested therein, and grant such other and further relief as this Court deems just and proper.

       Respectfully submitted,

       AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE

       By their attorneys,

       /s/ *Phoebe S. Winder*
       _____
       R. Bruce Allensworth (BBO #015820)
       (ballensworth@klng.com)
       Phoebe S. Winder (BBO #567103)
       (pwinder@klng.com)
       Ryan M. Tosi (BBO #661080)
       (rtosi@klng.com)
       KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
       75 State Street
       Boston, MA 02109
       (617) 261-3100

Dated: February 10, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed on February 10, 2006 through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 10, 2006.

/s/ *Phoebe S. Winder*
_____
Phoebe S. Winder

# EXHIBIT A



**Kirkpatrick & Lockhart Nicholson Graham LLP**

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

November 9, 2005

Ryan M. Tosi

617.261.3257
Fax: 617.261.3175
rtosi@klng.com

**First Class Mail**

John T. Landry, III, Esq.
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA 02184

    Re:    Frechette v. Ameriquest Mortgage Company, et al.
             <u>Civil Action No. 05-11398-RWZ</u>

Dear Mr. Landry:

As referenced in Defendant Ameriquest Mortgage Company's Initial Disclosure Statement served on November 2, 2005, Ameriquest is assembling documents in its possession, custody, and control that may be used to support its claims and defenses. Copies of these documents will be made available to the plaintiff, subject to the parties' stipulation to and the Court's entry of a confidentiality order.

In furtherance thereof, I am enclosing a proposed draft stipulation and confidentiality order for your review and comment. I am also enclosing a proposed draft assented to motion for entry of the stipulated confidentiality order for your review and comment.

Please call Bruce, Phoebe or me if you have any questions or comments.

Very truly yours,

Ryan M. Tosi

Enclosures

cc:    Michael J. Powers, Esq. (w/ encls.)
       R. Bruce Allensworth, Esq. (w/o encls.)
       Phoebe S. Winder, Esq. (w/o encls.)

# EXHIBIT B

**GLYNN, LANDRY, HARRINGTON & RICE, LLP**
ATTORNEYS AT LAW

Ten Forbes Road, Suite 270
Braintree, MA 02184-2605
TEL: (781) 356-1399   FAX: (781) 356-3393
EMAIL: glynlandry@aol.com

John B. Glynn
William T. Harrington

John T. Landry, III
Daniel W. Rice

November 11, 2005

Attorney R. Bruce Allensworth
Attorney Phoebe G. Winder
Attorney Ryan M. Tosi
Kirkpatrick & Lockhart Nicholson Graham, LLP
75 State Street
Boston, MA 02109

Re:   Brian L. Frechette
      v. Ameriquest Mortgage Company, et al
      United States District Court, Civil Action No. 05-11398RWZ

Dear Attorneys Allensworth, Winder and Tosi:

      I am in receipt of your letter forwarding a proposed Stipulation and Confidentiality Order, and the accompanying draft of a proposed Assented-To Motion for the entry of the same. In your letter, you fail to offer any reasons why your clients need such a Stipulation prior to producing the documents subject to Automatic Disclosure, and you have not identified any document, or class of documents, that you contend constitutes a "trade secret or other confidential research, development or commercial information" within the meaning of Fed. R. Civ. P. 26(c)(7). If you are claiming the certain documents in your clients' possession are "confidential" within the meaning of this rule, would you please identify such documents and the reasons supporting your claim. If I am satisfied that a particular document is confidential, I would be prepared to agree to some form of a Confidentiality Order. However, I will not do so until I know the nature of the document(s) at issue, and the reasons supporting your client's need to confidentiality.

      In addition to the foregoing, I believe that the scope of the proposed Stipulation is far too overbroad, and unnecessarily restricts the use of certain documents in discovery and at trial. If there is a need for a Stipulation and Confidentiality Order, as set forth in the preceding paragraph, I am willing to discuss the parameters and language of such an Order.

      Finally, I would ask that you immediately produce all documents subject to Fed. R. Civ. P. 26(a)(1)(B) and Local Rule 26.2(A) and to which there is no claim of confidentiality made by your respective clients.

Attorney R. Bruce Allensworth
Attorney Phoebe G. Winder
Attorney Ryan M. Tosi
November 11, 2005
Page 2

If you have any questions, please do not hesitate to contact me.

Very truly yours,

John T. Landry, III

JTL:
cc:   Attorney Michael J. Powers
JTL:FRECHETTEALLENSWORTH111105:00002037

# EXHIBIT C

**Kirkpatrick & Lockhart Nicholson Graham LLP**

FILE COPY

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

November 22, 2005

Phoebe S. Winder
617.261.3196
Fax: 617.261.3175
pwinder@klng.com

**Via Facsimile (781) 356-3393
and First Class Mail**

John T. Landry, III, Esq.
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA 02184

Re:   **Frechette v. Ameriquest Mortgage Company, et al.
      Civil Action No. 05-11398-RWZ**

Dear Mr. Landry:

I am responding to your letter of November 11, 2005, wherein you seek the reasons why Ameriquest Mortgage Company ("Ameriquest") has proposed a confidentiality order for entry in the above-captioned case.

As referenced in Defendant Ameriquest Mortgage Company's Initial Disclosure Statement served on November 2, 2005 and the letter of Ryan M. Tosi dated November 9, 2005, Ameriquest has assembled documents in its possession, custody, and control that may be used to support its claims and defenses. The documents in question, however, contain information that is confidential and proprietary to Ameriquest, including but not limited to, information relating to (1) the internal procedures by which Ameriquest originates and underwrites its mortgage loans, (2) Ameriquest's relationships with agents and third party vendors, and (3) the manner in which Ameriquest calculates costs and fees. These documents and the information they contain should not be disclosed or accessible to third parties, and consequently, Ameriquest requests that such confidential business and financial information be subject to a confidentiality order prior to any disclosure to your client.

In your letter of November 11, you additionally request that Ameriquest parse out which documents should or should not be designated as confidential. Such a burdensome exercise, however, is precisely what a confidentiality order is designed to protect against. Both the Manual for Complex Litigation -- Third, (1997) -- upon which the proposed confidentiality order is based -- and Fed. R. Civ. P. 26(c)(7) contemplate the use of confidentiality orders in order to ensure that trade secrets or other confidential research, development or commercial information is not disclosed outside the course of the litigation. By our letter dated November 9, we simply request that you cooperate in ensuring that Ameriquest's confidential information -- and also your client's confidential information -- is subject to the appropriate safeguards. Although your November 11 letter appears to take exception to the entry of such an order, you do not specify with any level of detail why the proposed order is overbroad or restrictive.




**Kirkpatrick & Lockhart Nicholson Graham LLP**

John T. Landry, III, Esq.
November 22, 2005
Page 2

Kindly contact me at your earliest convenience to discuss any concerns you may have.

Very truly yours,

*Phoebe S. Winder*

Phoebe S. Winder

cc:    Michael J. Powers, Esq.
       R. Bruce Allensworth, Esq.
       Ryan M. Tosi, Esq.

# EXHIBIT D



**Kirkpatrick & Lockhart Nicholson Graham LLP**

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

December 5, 2005

Phoebe S. Winder

617.261.3196
Fax: 617.261.3175
pwinder@klng.com

**Via Facsimile (781) 356-3393
and First Class Mail**

John T. Landry, III, Esq.
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA 02184

   Re: **Frechette v. Ameriquest Mortgage Company, et al.
      Civil Action No. 05-11398-RWZ**

Dear Mr. Landry:

I have not heard from you in response to my letter dated November 22, 2005 regarding the proposed confidentiality order for entry in the above-captioned case. Ameriquest would like to move forward with discovery. Please advise, in accordance with my November 22 letter, whether you will consent to the proposed confidentiality order.

Kindly contact me at your earliest convenience to discuss any concerns you may have.

Very truly yours,

*Phoebe S. Winder*

Phoebe S. Winder

cc: Michael J. Powers, Esq.
   R. Bruce Allensworth, Esq.
   Ryan M. Tosi, Esq.

BOS-920281 v1
BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON