# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                    )
BRIAN L. FRECHETTE,                                 )
                                                    )
                   Plaintiff,                       )
                                                    )
v.                                                  )
                                                    )
AMERIQUEST MORTGAGE COMPANY )
and DEUTSCHE BANK NATIONAL                           )
TRUST COMPANY, as TRUSTEE of                        )        CIVIL ACTION NO. 05-11398-RWZ
AMERIQUEST MORTGAGE                                  )
SECURITIES, INC. ASSET BACKED                        )
PASS-THROUGH CERTIFICATES,                           )
SERIES 2003-11 UNDER THE POOLING )
AND SERVICING AGREEMENT DATED )
AS OF NOVEMBER 1, 2003, WITHOUT )
RECOURSE,                                            )
                                                    )
                   Defendants.                      )
_____ )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
## FOR ENTRY OF A CONFIDENTIALITY ORDER

Plaintiff Brian L. Frechette hereby respectfully requests that the Court deny the Defendants' Motion

For Entry Of A Confidentiality Order and as reasons therefor states as follows:

1.    Defendants' proposed Confidentiality Order, the scope of which encompasses "all

information, documents and things subject to discovery or otherwise provided," is overly

broad and therefore without justification in law or in fact.

2.    Defendants' proposed Confidentiality Order goes well beyond the scope of any

confidentiality order envisioned by Fed.R.Civ.P. 26(c)(7), as the same conceivably

encompasses information, documents and things subject to discovery or otherwise provided

that would not constitute "a trade secret or other confidential research, development or commercial information." Query, for example, how Defendant Ameriquest Mortgage Company's "procedures for providing disclosures under applicable federal, state or local law in its loan application process" constitute a trade secret or other confidential research, development or commercial information? See paragraph 6 of Declaration of Shane Stagner filed in support of Defendants' Motion For Entry Of A Confidentiality Order indicating that such procedures constitute confidential information.

3.   Contrary to Defendants' counsel's assertions, the <u>Manual for Complex Litigation - Third</u> does not support Defendants' request for Defendants' proposed Confidentiality Order, as Defendant's proposed Confidentiality Order is neither sufficiently particularized, nor supported by a particularized showing of "good cause" of the specific harm that would result from disclosure or loss of confidentiality. The <u>Manual For Complex Litigation - Third (1997)</u> cited by Defendants' counsel provides that a particularized showing of "good cause" is to be made "by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality." <u>Manual</u> at 21.432. Query how a "Manager of Customer Resolution" at Ameriquest Mortgage Company is competent to testify to the specific harm that Ameriquest would suffer as a result of disclosure or loss of confidentiality of any alleged confidential information or documentation? As to the issue of the appropriate particularization of the proposed Confidentiality Order, Defendants inexplicably fail to propose a confidentiality order consistent in scope with the Confidentiality Order (Form B) suggested by <u>Manual For Complex Litigation - Third</u> (Form B is limited in scope to "documents containing trade secrets, special formulas, company

security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and data which touch upon the topic of price"). Rather, Defendants' counsel have continued to insist, as evidenced by the instant Motion, on an "umbrella" style form of confidentiality agreement, which style "can be counterproductive by inviting disputes." Manual at 21.432, fn. 144.

4.  Contrary to Defendants' counsel's assertions, Defendants' counsel has failed to make a good faith attempt to resolve the present dispute without Court action.    Prior to the filing of the instant Motion, Defendants' counsel has simply repeatedly requested that Plaintiff stipulate and agree to an overly broad "umbrella" style Confidentiality Agreement. Plaintiff's counsel has repeatedly refused to agree to same.  In response to Defendants' very first request for a confidentiality order (see letter of Ryan M. Tosi dated November 9, 2005 attached as Exhibit A to Defendants' Memorandum In Support Of Their Motion For Entry Of A Confidentiality Order), Plaintiff's counsel requested of Defendants' counsel (i) identification of the 'document, or class of documents, that you contend constitutes a "trade secret or other confidential research, development or commercial information" within the meaning of Fed.R.Civ.P. 26(c)(7)' and (ii) the "reasons supporting your claim." See November 11, 2005 letter of John Landry attached as Exhibit B to Defendants' Memorandum In Support Of Their Motion For Entry Of A Confidentiality Order.   While Defendants' counsel did summarily identify those documents that it deemed confidential (see letter of Phoebe S. Winder dated November 22, 2005, a copy of which is attached as Exhibit C to Defendants' Memorandum In Support Of Their Motion For Entry Of A Confidentiality Order), Defendants' counsel failed to provide any reasons as to why such documentation should be deemed confidential,

other than to make the general statement that the same "should not be disclosed or accessible to third parties." This response fails to meet the "good cause" standard suggested by <u>Manual For Complex Litigation - Third</u> and cited by Defendants' counsel. Defendant's counsel's reasons for insisting on a confidentiality agreement are inadequate as the same constitute nothing more than "generalities and unsupported contentions" which the <u>Manual For Complex Litigation - Third</u> indicates "do not suffice." <u>Manual</u> at 21.432.

5.    Contrary to Defendants' counsel's assertions, Plaintiff's counsel has not "refused to sign <u>any</u> confidentiality agreement in <u>any</u> form," but rather has simply refused to sign an "umbrella" style confidentiality agreement, which style of confidentiality order Defendants' counsel continues to pursue as evidenced by the proposed Confidentiality Order submitted with Defendants' Motion For Entry Of A Confidentiality Order.

For the foregoing reasons, Plaintiff requests that this Court deny Defendants' Motion For Entry Of A Confidentiality Order, or, in the alternative, require the Defendants to make a particularized showing of "good cause" as a condition to the entry in this case of a particularized confidentiality order consistent with the scope of Fed.R.Civ.P. 26(c)(7).

<div style="margin-left:40%">

Respectfully submitted,

Brian L. Frechette
By his attorney,

  /s/ Michael J. Powers
Michael J. Powers (BBO #405035)
POWERS LAW OFFICES, P.C.
91 Gloucester Road
Westwood, MA 02090
781-326-7766
bicoastal@comcast.net

</div>

February 24, 2006

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 24, 2006.

                                             _/s/ Michael J. Powers_____

                                             Michael J. Powers