UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN L. FRECHETTE,<br><br>          Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE of AMERIQUEST MORTGAGE SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE<br><br>          Defendants. | CIVIL ACTION NO. 05-11398-RWZ |

## DECLARATION OF GEORGE T. CROWLEY

I, George T. Crowley, hereby declare under oath as follows:

1. I am an attorney with the Law Office of George T. Crowley, located at 24 Trapelo Road, Belmont, MA 02478. I am a real estate attorney whose primary practice is closing residential mortgage loans.

2. I make this declaration in connection with, and in support of Ameriquest Mortgage Company's ("Ameriquest") and Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-11 Under the Pooling and Servicing Agreement Dated as of November 1, 2003, Without Recourse's ("Deutsche Bank, as Trustee") Motion for Summary Judgment and Incorporated Memorandum of Law.

3. I am competent to testify to the facts set forth below based on my personal

BOS-997772 v5

knowledge of the business records and practices of my law office, and that I am competent to testify regarding those records of which I have personal knowledge. I am familiar with the business records of my office concerning Mr. Frechette.

4. On or about October 1, 2003, Mr. Frechette entered into a mortgage loan transaction with Ameriquest Mortgage Company ("Ameriquest"). A staff attorney from my office acted as the closing attorney in connection with Mr. Frechette's loan transaction.

5. Since 1994, I have conducted numerous residential mortgage closings, including Ameriquest loans. The closings are conducted either at my office, at an Ameriquest branch office, or at another location as directed by Ameriquest on a case-by-case basis.

6. Mr. Frechette's closing on October 1, 2003 occurred at Ameriquest's branch office in Natick, Massachusetts.

7. I am very familiar with and comply with the requirements of the Truth In Lending Act ("TILA"), its implementing regulations, and the Massachusetts version of TILA, the Consumer Credit Cost Disclosure Act ("CCCDA") and its implementing regulations. To the best of my knowledge, all requirements of TILA and the CCCDA were complied with in connection with Mr. Frechette's loan transaction.

8. In connection with Mr. Frechette's mortgage loan transaction, my law offices collected the following fees: a settlement or closing fee of $300.00; a settlement/disbursement fee of $750.00; and an escrow fee of $295.00. Such fees were primarily for an attorney's attendance at the closing, explaining and reviewing the documents with Mr. Frechette, attending to issues relating to title and to title insurance, preparing, assembling and/or reviewing loan closing documents and escrowing and disbursing funds.

9. More specifically, my office provided the following services in connection with

Mr. Frechette's transaction, including without limitation: (1) acting as the escrow agent; (2) acting as the closing agent; (3) arranging for a title examination of property; (4) resolving outstanding issues with the title to Mr. Frechette's property; (5) ensuring that any outstanding liens on Mr. Frechette's property were addressed and paid, including Mr. Frechette's outstanding property taxes; (6) assembling and reviewing documents received from the bank and third parties; (7) ensuring that the closing package was complete; (8) disbursing the proceeds of the Ameriquest refinance transaction to Mr. Frechette's prior lender, Mr. Frechette's various creditors and to Mr. Frechette; (9) countersigning the Fidelity National Title Insurance Policy Preliminary Title Insurance Binder; and (10) countersigning the Fidelity National Title Insurance Company's Title Insurance Policy.

10. Mr. Frechette never asked the closing attorney about a discount rate for the title insurance policy. Mr. Frechette never provided my offices with any documentation to demonstrate any entitlement to an insurance policy discount.

11. Mr. Frechette never asked the closing attorney about any of the legal expenses charged in connection with his loan.

12. Massachusetts law requires that loan closings be conducted by attorneys.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 24TH DAY OF AUGUST, 2006 AT BELMONT, MASSACHUSETTS.

_____
GEORGE T. CROWLEY

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed on August 25, 2006 through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 25, 2006.

John T. Landry, III
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA 02184-2605

Michael J. Powers
Powers Law Offices, P.C.
91 Gloucester Road
Westwood, MA 02090

/s/ *Phoebe S. Winder*
_____
Phoebe S. Winder